IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

STEPHEN L. ARNOLD,

     Plaintiff,

v.                                    CIVIL ACTION NO. 1:04-0422

JO ANNE B. BARNHART,
Commissioner of Social Security,

     Defendant.

## **MEMORANDUM OPINION**

     Claimant Stephen Arnold seeks judicial review of a decision by the Commissioner of Social Security denying his application for disability benefits.  The assigned magistrate judge recommended dismissal of this action.  For reasons that follow, this court declines to adopt the magistrate judge's recommendation and remands to the ALJ for further proceedings.

### **Factual and Procedural Background**

     On May 21, 2002, Stephen L. Arnold filed an application for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  Transcript at 61 (hereinafter "Tr. at ___").  In this application, Mr. Arnold (hereinafter "Claimant") asserted, essentially, that he was disabled by intense pain resulting from chronic degenerative disc

disease in his lower back.[1]  This application was reviewed by a state agency doctor working on behalf of the Social Security Administration, who found that Claimant was not disabled.  Tr. at 43-46.  After his application was denied again on reconsideration, Claimant requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at 50-53.  The ALJ conducted this hearing on March 6, 2003, at which he heard testimony from the Claimant and a vocational consultant.  Tr. at 278-311.  In a decision dated September 13, 2003, the ALJ determined that Claimant could not perform his past job as a utility worker, but that he could perform available jobs that involve "light work" (as that term is used by the U.S. Department of Labor) with a "sit/stand" option, and was therefore not disabled.  Tr. at 26-32.  The ALJ's denial of benefits became the final decision of the Commissioner of Social Security (hereinafter "Commissioner") on April 1, 2004, when the Social Security Administration's Appeals Council refused to review the ALJ's decision.  Tr. at 6-8.

Claimant filed the instant civil action for judicial review of the Commissioner's decision, as allowed by 42 U.S.C. § 405(g),

---

[1] More specifically, Claimant alleged that he was disabled due to "low back injury, pain [in] the lower back and legs, problems with bladder and bowels, and depression."  Proposed Findings and Recommendation at 1 (hereinafter "PF&R at ___").  Claimant had undergone two surgical procedures on his lower back in 1992 and 1999 for similar symptoms.  Tr. at 27.

on May 3, 2004.  In accordance with this court's Standing Order
of July 21, 2004, the matter was referred to United States
Magistrate Judge R. Clarke VanDervort for submission of findings
and recommendations regarding disposition, pursuant to 28 U.S.C.
§ 636(b)(1)(B).  Magistrate Judge VanDervort submitted his
Proposed Findings and Recommendation on May 31, 2005.  The
magistrate judge recommended that the court (1) deny Claimant's
"Motion for Summary Judgment" (Doc. No. 8), (2) grant the
Defendant's "Motion for Judgment on the Pleadings" (Doc. No.
13),(3) affirm the final decision of the Commissioner and (4)
dismiss this matter from the active docket of the court.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b), the
parties were allotted ten days plus three mailing days in which
to file any objections to Magistrate Judge VanDervort's
recommendation.  The failure of any party to file such objections
within the time allowed constitutes a waiver of such party's
right to a *de novo* review by the district court.  <u>Snyder v.
Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989).  On June 8, 2005,
Claimant timely filed multiple objections to the magistrate
judge's recommendation.  The court has conducted a *de novo* review
of the record with respect to those objections.

**Background on Applicable Law and the Standard of Review**

I. Adjudication of Disability Claims

A claimant seeking disability benefits under Title II of the Social Security Act bears the burden of proving that he is, in fact, disabled.  42 U.S.C. § 423(d)(5); See also Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months . . . . "  42 U.S.C. § 423(d)(1)(A).  Regulations promulgated by the Social Security Administration set forth a five-step sequential process that the Commissioner must use in evaluating whether a claimant is disabled.  The Commissioner must consider, in order, whether a claimant 1) is currently engaged in substantial gainful employment; 2) has a "severe" impairment, as that term is defined in the regulations;  3) has an impairment that meets or equals any of the impairments specifically listed in the relevant regulations; 4) if not, whether the claimant can return to his past relevant work; and 5) if not, whether he can perform other work available in the national economy.  See 20 C.F.R. § 404.1520(b)-(f); see also Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  If the Commissioner determines that a claimant

4

is not disabled at any point in this sequential process, consideration does not proceed to the next step.  20 C.F.R. § 404.1520(a).

In cases, such as the one at bar, where a claimant asserts that he satisfies the various requirements of the sequential analysis outlined above because he suffers from disabling pain or similar symptoms, it becomes necessary, of course, to determine whether the claimant is actually suffering from disabling pain or symptoms.[2]  In making this crucial credibility determination, the Commissioner must use a two-pronged test.  First, "there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged."  Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996)(citing 20 C.F.R. § 404.1529).  If that threshold requirement is satisfied, the Commissioner must then evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work . . . . "  Craig, 76 F.3d at 595.

---

[2] There are no issues related to Claimant's asserted mental impairments that merit any detailed discussion in this Memorandum Opinion. This court concludes that the Commissioner's evaluation of said alleged impairments comported with the requirements found in 20 C.F.R. § 404.1520a, and was therefore sufficient.

<u>II. The Standard of Review</u>

Although, under 42 U.S.C. § 405(g), a claimant may seek judicial review of a Commissioner's determination that he is not disabled (and thus not entitled to benefits), that determination is entitled to significant deference in this court.  In this circuit, a Commissioner's decision to deny benefits will be upheld if that decision is based on factual findings that "are supported by substantial evidence and were reached through application of the correct legal standard." <u>Craig</u>, 76 F.3d at 589 (original citations omitted).

**<u>Analysis</u>**

As stated, the Fourth Circuit case law that this court must apply requires that a Commissioner's factual findings must be reached by the application of the correct legal standard if they are to withstand judicial review.  However, the ALJ in this case failed to apply the correct legal standard in determining whether Claimant was disabled by pain.  Therefore, this court must remand to the ALJ for reconsideration.

I.

As noted, the Commissioner (or, more accurately, the ALJ as her representative) must apply the "correct legal standard" in reaching factual findings if those findings are to be upheld on review.  <u>Craig</u>, 76 F.3d at 594.  In the <u>Craig</u> decision, the Fourth Circuit also stated and analyzed, with thorough

6

particularity, exactly what constitutes the correct legal standard that must be used in deciding whether a claimant is disabled by pain.  The case itself involved a seamstress who claimed that she was disabled by constant joint pain, "cramps in her whole body," and severe headaches.  Id.  The ALJ in the case "found that although Craig had 'severe impairments of the musculoskeletal system,' her subjective allegations of pain were not credible, and she had the residual functional capacity to perform medium work . . . ."  Id.  The district court, adopting a magistrate judge's recommendation, sustained the denial of benefits.  Id.

After discussing and dismissing a number of Craig's arguments that the Commissioner's factual findings were not supported by "substantial evidence," the court turned to her assertion that "the ALJ applied the wrong standard in evaluating her subjective complaints of pain."  Id. at 591.  Here, the court decisively rejected any idea that the ALJ was required to simply accept Craig's allegations of disability by pain on their face, and instead proceeded to consider what the correct legal standard for determining the merit of such allegations actually is.

The court, interpreting the Code of Federal Regulations sections governing pain disability claims, discussed the two-part test that must be used in deciding whether a claimant is disabled by pain.  To satisfy the first part of the test, a claimant must

present "objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" Craig, 76 F.3d at 594 (quoting 20 C.F.R. § 404.1529(b)).

Under a first prong analysis, it is clear that it is not enough for a claimant to show that he or she has an underlying medical ailment that is capable of causing some kind of pain generally:

> [F]or pain to be found disabling, there *must* be shown a medically determinable impairment which could reasonably be expected to cause not just pain, or some pain, or pain of some kind or severity, but *the pain the claimant alleges she suffers*. The regulation thus requires at the threshold a showing by objective evidence a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant.

Id. at 594 (emphasis in the original, internal quotation marks omitted).

If an ALJ concludes that a claimant does indeed have an underlying medical impairment that could reasonably cause the pain alleged, only then does inquiry proceed to the second part of the test: evaluating "the intensity and persistence of the claimant's pain, and the extent to which it affects [the] ability to work." Craig, 76 F.3d at 595 (citing 20 C.F.R. § 404.1529(c)(1)). In making this evaluation, the ALJ must consider "all available evidence," including the claimant's

8

statements and the seven factors listed in section

404.1529(c)(3).[3]  Additionally, the ALJ must consider any

objective medical evidence regarding the pain itself, if such

evidence is available.[4]  Id.  However, because it is often not

available, such evidence is not required for a claimant to prove

disability:  "[t]he claimant's allegations as to the severity and

persistence of [the] pain may not be dismissed merely because

objective evidence of the pain itself (as opposed to the

existence of an impairment that could produce the pain alleged),

such as inflamed tissues or spasming muscles, are not present to

corroborate the existence of pain."  Id.

---

[3] The seven factors listed in 20 C.F.R. § 404.1529(c)(3) are:  1) the claimant's daily activities, 2) the "location, duration, frequency, and intensity" of the pain or symptoms alleged, 3) "precipitating and aggravating factors," 4) issues regarding the effect of medication on the pain alleged or symptoms alleged, 5) treatment, other than medication, received, 6) any other measures taken by the claimant to relieve the pain or symptoms alleged, and 7) any other factors relevant to a claimant's functional limitations caused by the pain or symptoms alleged.

[4] The Court in Craig apparently attempted to draw a clear distinction between the type of objective medical evidence that shows the existence of an underlying medical impairment that is capable of causing the pain a claimant *alleges* (per the first part of the test), and that which demonstrates the intensity and severity of the *actual* pain itself (per the second part).  See Craig, 76 F.3d at 594.  While the distinction is not totally clear, perhaps, relevant medical evidence under the second part of the test appears to be that which shows the presence of symptoms other than pain, but which are caused by the same underlying medical impairment and might occur simultaneously with intense pain.  The examples of these corroborating symptoms provided in Craig, such as muscle spasms, redness, and deteriorating tissues, are instructive.  See id. at 595.

In the instant case, the ALJ failed to expressly apply the first, threshold portion of the two-part test outlined above. Indeed, the closest the ALJ came to addressing the question of whether the Claimant had an underlying medical impairment that could reasonably have caused the pain alleged was a brief, tangential mention of the requirement.  He then began an analysis of the limiting effects of the Claimant's alleged pain on his work capabilities:

> Social Security Ruling 96-7p provides that once an underlying physical or mental impairment that could reasonably be expected to cause pain is shown by medically-acceptable objective evidence . . . the adjudicator must evaluate the disabling effects of a disability claimant's pain . . . .  If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability.

Tr. at 29.  The ALJ made no express finding as to whether the Claimant met his burden of proof under the underlying medical impairment portion of the test, and indeed made no other mention of this first requirement at all in his ruling.

In his review of the ALJ's decision, the magistrate judge took note of the ALJ's failure to come to a conclusion as to the first prong of the test.  PF&R at 10.  The magistrate judge also took note of the fact that this failure potentially conflicted with the requirements of <u>Craig</u>, and also with the holding in <u>Hill v. Commissioner of Social Security</u>, 49 F. Supp. 2d 865, 869 (S.D. W. Va. 1999), a post-<u>Craig</u> decision.  <u>Id.</u> at 8.  However, the

10

magistrate judge took what he called a "practical approach" to
the problem at hand. Relying upon several cases from other
district courts in our circuit, the magistrate judge concluded
that the ALJ's failure to make an explicit determination as to
the first part of the test did not constitute reversible error
because the ALJ had found that Claimant's back pain was a "severe
impairment," (under the broader five-step sequential analysis
outlined above) and because the ALJ's overall conclusion that the
Claimant was not disabled was supported by "substantial
evidence." Id. at 8-10 (citing, *inter alia*, Ketcher v. Apfel, 68
F. Supp. 2d 629, 650-51 (D. Md. 1999); Perkins v. Apfel, 101 F.
Supp. 2d 365, 373 (D. Md. 2000); Fulbright v. Apfel, 114 F. Supp.
2d 465, 477-78 (W.D.N.C. 2001)).

With all due respect to the learned magistrate judge, this
court cannot agree.  The first and most important reason for this
divergence is that this court reads Craig as mandating that an
ALJ must make an *explicit* determination that a claimant has or
has not proven an underlying medical impairment that could cause
the pain alleged by the claimant.  The court in Craig devoted
more than three pages to discussing the origins and fundamental
importance of this first part of the pain credibility test.  See
76 F.3d at 591-95.  It also stated that "[i]t is only *after* a
claimant has met [the] threshold obligation of showing by
objective medical evidence a medical impairment reasonably likely

11

to cause the pain claimed" that inquiry can proceed to the second part of the test.  Id. at 595.  (emphasis in the original). Furthermore, in Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994), a predecessor decision to Craig, Judge Luttig rebuked a colleague for failing to take adequate account of the first prong of the pain credibility test:

> In effect, thus, Judge Hall would simply jettison the first part of the two-part test which the validly promulgated regulations prescribe, thereby relieving a claimant of her threshold obligation that she show by objective medical evidence a condition which could plausibly produce the pain she claims she suffers.

Mickles, 29 F.3d at 926 (Luttig, J., concurring).  Finally, if any uncertainty remains as to whether an ALJ's failure to make an explicit finding regarding the first prong of the test constitutes reversible error, the last paragraph of the Craig opinion dispels such doubt:

> In the instant case, the ALJ did not *expressly* consider the threshold question of whether Craig had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges.  Instead, the ALJ proceeded directly to considering the credibility of her subjective allegations of pain.  Accordingly, we remand to the ALJ to determine whether Craig has an objectively identifiable medical impairment that could reasonably cause the pain of which she complains.  If the ALJ concludes that she does, *then, and only then*, should it undertake an assessment into the credibility of Craig's subjective claims of pain.

Id. at 596 (emphasis added; internal citations and footnotes omitted).  This court sees no ambiguity in either the language or the reasoning of Craig on this point, and finds no law suggesting

that either are entitled to anything less than full force and
effect.

In considering the case at bar, this court also takes proper
note of the decision in Hill v. Commissioner of Social Security,
49 F. Supp. 2d 865 (S.D.W. Va. 1999) (Hallanan, J.).  In Hill,
Judge Hallanan discussed the impact of Craig and Hammond v.
Heckler, 765 F.2d 424, 426 (4th Cir. 1985), a case which mandates
that ALJs have a duty to set forth and explain the evidentiary
basis of their findings, especially in pain cases.  See Hill, 49
F. Supp. 2d at 868-69.  Relying upon these two decisions, Judge
Hallanan concluded, inter alia, that the ALJ in the Hill case had
impermissibly skipped the first prong of the pain test, and that
a remand was required to fix the error.  Id. at 869.  The judge
also addressed the Commissioner's argument that because the ALJ's
overall decision was supported by substantial evidence, his
failure to apply the proper legal standard could be overlooked in
the interest of efficiently using judicial resources:

> [T]he Court expects those below to conduct a full and
> intensive review of the record.  Justice and fairness demand
> nothing less.  To say that the results would be the same
> upon a second, more comprehensive review and explanation of
> the record, and therefore should not be done at all, would
> be to deny the Claimant his right to a fair decision, and in
> addition, deny the Court of a fully developed record to
> review.

Id.

Having examined the applicable case law, the argument that
the ALJ in this case effectively conducted an analysis of the

13

threshold part of the pain credibility test because he concluded that Claimant had a "severe impairment" under the third step of the overall sequential process simply begs the question. Moreover, the ALJ in Craig also found that the claimant in that case was severely impaired, but the Fourth Circuit also apparently saw that as no substitute for an express determination of the first part of the test.  See Craig, 76 F.3d at 589.  Nor is it enough that an ALJ's findings be supported by substantial evidence; factual findings are to be upheld only if they "are supported by substantial evidence *and* were reached through application of the correct legal standard."  Id. (emphasis added).  As Judge Hallanan pointed out in Hill, this "correct legal standard" requirement ensures a fair process for the claimant and an adequate record for review by the courts.  Hill, 49 F. Supp. 2d at 869.

After considering all the relevant case law and arguments, this court finds the Fourth Circuit's decision in Craig controlling and the Hill decision compelling. Therefore, the court holds that the ALJ's failure to expressly reach a conclusion regarding the first part of the pain disability test, the threshold question of whether a claimant has "an underlying medical impairment that could reasonably be capable of causing the pain alleged," constitutes a failure to apply the correct legal standard in determining that a claimant is not disabled by

14

pain.  Accordingly, this court declines to adopt the magistrate judge's recommendation and exercises its authority under sentence four of 42 U.S.C. § 405(g) to remand this case to the ALJ.

II.

It should be noted that although this court holds that an express determination of the threshold question in the two-part pain disability test is necessary, even if this court believed that an implied determination was sufficient, it still could not conclude that the ALJ had applied the correct legal standard in this case.  First, to the extent that the ALJ mentioned the threshold first-prong requirement at all, the ALJ misstated that requirement.  The question, of course, is not whether a claimant can show an "underlying physical or mental impairment that could reasonably be expected to cause pain" of some type, Tr. at 29, but whether such an impairment might reasonably cause the pain the claimant alleges, in kind and intensity.  See Craig, 76 F.3d at 594 (discussed and quoted *supra*).  Whether this was a simple typographical omission on the ALJ's part or a sign of a misunderstanding of the law, this court cannot say, but in any event this misstatement would not permit a conclusion that the ALJ applied the correct legal standard by making an implied determination.

The second major reason that this court could not infer a determination that the claimant meets the first part of the test

15

is that the analysis in the ALJ's decision actually raises doubts
about how he would have decided the issue had he made a proper
express determination of the underlying medical impairment
question.  In his decision, the ALJ made several references to
the medical record which suggest to the reader that Claimant's
degenerative disc disease was not capable of causing the pain
Claimant alleged.  For example, the ALJ noted that Claimant,
according to his back surgeon, Dr. Weaver, had done "extremely
well" after his last surgery with "minimal complaints."  Tr. at
27.  The ALJ noted that Dr. Weaver later described Claimant as "a
chronic pain patient who has had relatively minimal findings on
studies" and who has "a histrionic response to any type of pain
stimulation."  Tr. at 28.  Finally, the ALJ noted that Claimant's
MRI test results showed only "slight pathology" at the L4-5
vertebrae level and "mild intervertebral disc bulging" at the L3-
4 level.  These references by the ALJ raise doubts, at a minimum,
as to what conclusion he would have reached had he expressly
considered the question of whether Claimant's underlying disc
disorder could reasonably have produced the pain claimant
alleged, and would thus preclude any finding of an implied
determination by this court.[5]

---

[5] From the main analysis portion of the ALJ's decision, Tr.
at 29, it appears that the ALJ effectively merged the first and
second parts of the pain credibility test into one large
determination, and also conflated the two different types of
objective medical evidence at issue in those two parts of the

III.

Having addressed the flaws regarding the ALJ's failure to apply the correct legal standard, this court briefly turns to those objections filed by Claimant which appear to also challenge whether the ALJ used the correct law in reaching his findings. Although it is difficult for the court to discern which of Claimant's objections address legal sufficiency and which assert that the ALJ's findings are not supported by substantial evidence (indeed, it is difficult to discern from Claimants's "Exceptions" exactly how many discrete objections there are) it appears that two of Claimant's objections fall into the former category. First, Claimant argues that the ALJ impermissibly failed to consider the seven factors listed in 20 C.F.R. § 404.1529(c)(3) and Social Security Ruling 96-7p. As the magistrate judge pointed out however, the ALJ did discuss these factors at various points in his opinion.  PF&R at 6.  Although the ALJ erred by not making separate determinations as to the first and second parts of the pain credibility test and therefore failed to address the seven listed factors under the second part of the test only, the objection apparently challenges whether the ALJ did in fact

_____

test.  As such, this case provides a telling example of why it is necessary to separate the two prongs of the pain credibility test and to reach explicit determinations as to each. This court cannot place enough emphasis on the point that it is the failure to make separate and explicit determinations as to both parts of the test that necessitates a remand in this case.

17

"consider" these factors at all.  See 20 C.F.R. § 404.1529(c)(4) ("factors relevant to your symptoms, such as pain, which we will *consider* include . . .")(emphasis added).  In that basic sense, this court finds that the ALJ did consider those factors and thus concludes that Claimant's objection on the issue is without merit.

In his second objection, Claimant argues that the ALJ failed to give the opinions of his treating physician, Dr. Hopper, and an examining physician, Dr. Kropac, sufficient weight.  Dr. Hopper opined that Claimant was "disabled from severe pain" and Dr. Kropac stated that Claimant "is not capable of sustained gainful employment."  Tr. at 144, 225.  However, both of these opinions go to issues that are reserved for the ALJ to determine, and are thus entitled to no special significance under the Regulations.  See 20 C.F.R. § 404.1527(e)(1)-(3).  Furthermore, the actual medical opinions of the two doctors are not entitled to controlling weight under the regulations because they are inconsistent with other substantial evidence in the case, as discussed *infra*.  See 20 C.F.R. § 404.1527(d)(2).  This court finds that the ALJ's decision accorded the doctors' opinions appropriate weight, and concludes that this objection is also without merit.[6]

---

[6] This court concurs with the magistrate judge's more extensive analysis of this issue, PF&R at 13-17, and adopts that analysis by reference.

IV.

The remainder of Claimant's objections challenge whether the ALJ's factual findings are supported by substantial evidence.[7] Substantial evidence has been defined as "evidence which a reasonable mind would accept as adequate to support a conclusion. It is more than a scintilla of evidence but somewhat less than a preponderance." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (internal citations omitted). In the Fourth Circuit, the substantial evidence standard has been deemed similar to that used when deciding whether directed verdicts should be granted. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Thus, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, that determination must be left to the Commissioner. Craig, 76 F.3d at 589 (citing Walker v. Bowen, 834 F.2d 635, 640 (7th Cir.1987)). However, courts may not "abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974); see also Butler v. Barnhart, 353 F.3d 992, 999 (D.C. Cir. 2004) ("But the

---

[7]Although this court must vacate the Commissioner's ruling for reasons already provided, the court discusses Claimant's "substantial evidence" objections to explicate why it is remanding and not entering judgment for Claimant.

substantial evidence standard requires the court to review the record itself to determine whether it substantiates the story the agency would have it tell.").

Claimant appears to put forth seven discreet objections to the ALJ's factual finding that Claimant can perform available jobs and is therefore not disabled.  However, it is not necessary to discuss each of these objections separately because it is clear from the record that the ALJ's finding is supported by substantial evidence.  According to a Functional Capacity Evaluation report written by an examining physical therapist, Claimant "is able to work in the light category of work as defined by the U.S. Department of Labor" as demonstrated by his ability to "sit, stand, forward reach and walk frequently," and by his ability to occasionally lift objects of moderate weight. Tr. at 240.  Two state agency doctors, working on behalf of the Social Security Administration, examined Claimant's medical records and came to the conclusion that Claimant could do, at least, light work with a sit/stand option.  Tr. at 167-74, 190-97.  At Claimant's hearing before the ALJ, a vocational expert testified that there were several types of jobs in the national economy that the Claimant could perform, including office clerk and cashier.  Tr. at 306.

As previously mentioned, Claimant presented opinions from his main treating physician and another examining physician in

20

support of his assertion that he could not work.  Tr. at 143,
225.  However, this court concludes that the conflicting evidence
in the record that Claimant could perform available jobs is more
than sufficient to allow reasonable minds to differ on the issue.
Consequently, the ALJ's factual finding is supported by
substantial evidence.

### Conclusion

The Commissioner's factual findings in this case were not
reached by the application of the correct legal standard because
the ALJ failed to make an express determination regarding the
question of whether Claimant had an underlying medical impairment
that reasonably could cause the pain he alleged.

Accordingly, Claimant's Motion for Summary Judgment is
**DENIED**, Defendant's Motion for Judgment on the Pleadings is
**DENIED,** Claimant's objections are **SUSTAINED** to the extent that
they implicate the ALJ's failure to apply the correct legal
standard as discussed *supra*, otherwise, they are **OVERRULED**.
Pursuant to sentence four of 42 U.S.C. § 405(g), the
Commissioner's final decision is **VACATED**, and this case is
**REMANDED** to the Commissioner for further proceedings consistent
with this Memorandum Opinion.

The Clerk is directed to remove this matter from the active
docket of the court, and is further directed to forward a
certified copy of this Memorandum Opinion to counsel of record.

21

**IT IS SO ORDERED**, this 29th day of September, 2005.

ENTER:

David A. Faber
Chief Judge